# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FAYE L. ELLER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0644** (BOR Appeal No. 2048264)
                                  (Claim No. 2011026016)

**MERCER COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Faye L. Eller, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mercer County Board of Education, by Nathan Ward, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 30, 2013, in which the Board affirmed a March 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 2, 2012, decision which denied authorization for physical therapy for the lower back and hip. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Eller, a teacher and bus aid, was injured in the course of her employment on January 18, 2011, when she fell down on a school bus. Her claim was held compensable for contusion of the chest wall; sprain/strain of the neck; and fall on the same level from slipping, tripping, or stumbling. The claims administrator specifically denied the addition of headache and sciatica as compensable components of the claim. Ms. Eller did not protest the decision.

Ms. Eller now argues that in addition to her neck and chest, she also injured her back and hip during the work-related accident causing her to develop sciatica. A lumbar MRI taken on July 7, 2012, revealed a small disc herniation at L5-S1 impinging upon the right S1 nerve root. It also showed disc bulging due to degenerative disc disease. Ms. Eller requested physical therapy for her lower back and hip.

Rakesh Wahi, M.D., performed an independent medical evaluation on April 13, 2011, in which he noted that the compensable conditions in the claim were neck sprain and contusion of the chest wall. He found that Ms. Eller had reached maximum medical improvement for the compensable conditions and that no further treatment was necessary. He recommended 8% impairment for the cervical strain and 0% impairment for the chest wall contusion.

The StreetSelect Grievance Board determined on March 2, 2012, that the claim was compensable for sprain/strain of the cervical spine and a chest wall contusion. It noted that there was mention in the first report of injury of a back and right hip injury but there was no diagnosis provided in the initial treatment reports to indicate any acute injury and no treatment was rendered for the complaints. Also, the diagnosis of sciatica was specifically denied by the claims administrator. The Board therefore recommended denial of the request for physical therapy for the lower back and hip. The claims administrator thereafter denied Ms. Eller's request for physical therapy for her lower back and hip on March 2, 2012.

The Office of Judges affirmed the claims administrator's decision in its March 6, 2013, Order. It found that Ms. Eller requested treatment for conditions that were not held compensable in this claim. In fact, the claims administrator specifically denied the addition of sciatica to the claim. The only compensable conditions in the claim are the cervical spine and chest wall. The Office of Judges found no evidence in the record that Ms. Eller's treating physician ever requested that the lumbar spine or hip be included as compensable components of the claim. Ms. Eller was found to have reached maximum medical improvement by Dr. Wahi in April of 2011 for the compensable conditions. The Office of Judges held that per West Virginia Code § 23-4-3 (2005), Ms. Eller is entitled to reasonable and necessary medical treatment for her compensable injury. Since her hip and lower back are not compensable components of the claim, treatment for such conditions cannot be authorized.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its May 30, 2013, decision. We agree with the reasoning and conclusions of the Board of Review. The lower back and hip are not compensable components of the claim and treatment for them therefore cannot be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II